FILED
2024 Nov-25  PM 06:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| TAYLOR SMITH, *et al.*, | **Case No.: 2:24-cv-00436-MHH** |
| Plaintiffs, | **COLLECTIVE ACTION** |
| v. | **MOTION UNOPPOSED; NO ORAL ARGUMENT REQUESTED** |
| S.J.B. CORPORATION dba SAMMY'S, an Alabama Corporation; PATRICIA CANTAVESPRE, an individual; SAMMY RUSSO, an individual; DOE MANAGERS 1 through 3; and DOES 4 through 10, inclusive, | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |
| Defendants. | |

_____ /

COME NOW, plaintiffs Taylor Smith, Ashley Kavanagh, Angel Cardona, Britney Smith, Brooke Martin, Kaylen Moyers, Elizabeth Lee, Alexandra Johnson, Jessica Tomlinson, Emily Artrip, Kathryn Bigbee, Alexandria Heath, Emily Weaver, Jordan Rutledge, Sarah Dykes, April Robinson, and Tiffani Ramos  (collectively, "Plaintiffs") and defendants S.J.B. Corporation dba Sammy's, Patricia Cantavespre, and Sammy

Russo ("Defendants") (collectively, "the Parties") and respectfully move this Court to approve the Parties' settlement in this matter pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Plaintiffs and Defendants reached a global resolution. This includes the claims for attorneys' fees and costs for the plaintiffs who accepted Offers of Judgment: Stephanie Jeronymo; Kelley McDonald; Jacquese Evans; Destiny Avent; Kayle Gooden; Destiny Gordon; Peyton Mastropolo; Jillian Manning; and Brittany Tyler.

The instant Memorandum Brief in support thereof shows the Court that the Parties' settlement agreement is reasonable. Moreover, the instant Memorandum Brief, the Declaration of John P. Kristensen, and the Exhibits attached thereto, show the Court that Plaintiffs' counsel's request for attorneys' fees is reasonable. This Motion is based on the instant Memorandum of Points and Authorities, the Declaration of John P. Kristensen, and all exhibits attached thereto, which are submitted simultaneously with this Motion.

Dated: November 25, 2024

| | |
|---|---|
| */s/ Devon M. Lyon* | */s/ John P. Kristensen* |
| Devon M. Lyon | Jason P. Tortorici |
| **LYON LEGAL, P.C.** | **SCHILLECI & TORTORICI, P.C.** |
| 1154 E. Wardlaw Road | 100 Centerview Drive, Suite 205 |
| Long Beach, California 90807 | Birmingham, Alabama 35233 |
| Telephone: (562) 216-7390 | Telephone: (205) 978-4211 |
| *dlyon@lyon-legal.com* | *jpt@schillecitortoricilaw.com* |
| | |
| Mark E. Hoffman | Jason P. Tortorici |
| **MARK E. HOFFMAN, P.C.** | **SCHILLECI & TORTORICI, P.C.** |
| 229 E. 1st Ave. North | 100 Centerview Drive, Suite 205 |

Birmingham, AL 35203
Telephone: (205) 835-1119
*mhoffmanatty@yahoo.com*

***Attorney for Defendants***

Birmingham, Alabama 35233
Telephone: (205) 978-4211
*jpt@schillecitortoricilaw.com*

Jarrett L. Ellzey
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas 77066
Telephone: (713) 554-2377
*jarrett@ellzeylaw.com*
(*Pro Hac Vice* forthcoming)
***Attorneys for Plaintiffs***

# TABLE OF CONTENTS

MEMORANDUM OF LAW ............................................................................. 8

I.    BACKGROUND AND PROCEDURAL HISTORY ............................................. 8

II.   THE SETTLEMENT AGREEMENTS ............................................................ 11

III.  PLAINTIFFS' DAMAGES ANALYSIS ......................................................... 14

IV.   LEGAL STANDARD ................................................................................ 16

V.    THE PARTIES' SETTLEMENT IS A REASONABLE COMPROMISE OF A BONA FIDE
DISPUTE ..................................................................................................... 17

VI.   THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION ............................ 20

   1.  The Risk of Fraud or Collusion ...................................................... 21

   2.  The Complexity, Expenses, and Likely Duration of Litigation ........................... 23

   3.  Stage of the Proceedings and Amount of Discovery Completed ........................ 24

   4.  Likelihood of Plaintiffs' Success on the Merits/Possible Range of Recovery .... 24

   5.  Opinions and Experience of Counsel ................................................. 26

VII.  THE REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE .................... 27

   1.  FLSA Collective Action Settlement Allow for a Greater Recovery For Plaintiffs
   than Rule 23 Class Action Settlement ...................................................... 27

   2.  Plaintiffs' Attorney Fees Totaling Less Than 45% of the Settlement is a
   Reduction of the Lodestar and Is a Reasonable Award .................................... 28

VIII. CONCLUSION ..................................................................................... 32

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Behrens v. Wometco Enters., Inc.*,
 118 F.R.D. 534, 542 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990) ................. 25

*Cheeks v. Freeport Pancake House, Inc.*,
 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016) ........................ 20

*Collins v. Sanderson Farms, Inc*,
 568 F.Supp.714, 719 (E.D. La. 2008) ...................................................... 17

*Cotton v. Hinton*,
 559 F.2d 1326, 1331 (5th Cir. 1977) ............................................................. 21

*Dominguez v. Fiore*,
 No. 21-24055-CIV, 2022 WL 16961299, at *13 (S.D. Fla. Nov. 16, 2022) ................ 28

*Duren v. Int'l Follies, Inc.*,
 No. 1:19-CV-01512- ELR, 2022 WL 3337249, at *2 (N.D. Ga. June 6, 2022) ........... 21

*Gary v. Carbon Cycle Arizona LLC*,
 398 F. Supp. 3d 468, 485 (D. Ariz. 2019) ..................................................... 28

*Gay Officers Action League v. Puerto Rico*,
 247 F.3d 288, 295 (1st Cir. 2001) ................................................................. 28

*George v. Acad. Mortg. Corp. (UT)*,
 369 F. Supp. 3d, 1356, 1369-70 (N.D. Ga. 2019) ......................................... 22

*Hart v. RCI Hosp. Holdings, Inc.*,
 No. 09 CIV. 3043 PAE, 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) ................. 13

*Hensley v. Eckerhart*,
 461 U.S. 424, 433 (1983) ............................................................................... 28

*Hogan v. Allstate Bev. Co.*,
 821. F.Supp.2d 1274, 1282 (M.D. Ala. 2011 ....................................... 17

*In re Gen. Mtrs. Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
 55 F.3d 768, 806 (3rd Cir. 1995) ................................................................ 21

*In re Rite Aid Corp. Sec. Litig.*,
 396 F.3d 294, 305-06 (3d Cir. 2005), *as amended* (Feb. 25, 2005) ........................... 27

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
  535 F. Supp. 2d 249, 271 (D.N.H. 2007) ....................................................27

*James v. Wash Depot Holds., Inc.*,
  489 F. Supp. 2d at 1347 (S.D. Fla. 2007) ...................................................22

*King v. My Online Neighborhood*,
  No. 6:06-cv-435-ORL-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) ........21

*Langley v. RPM Dining, LLC*,
  Case No. 1:20-cv-890-RP (W.D. Tex., Dkt. 139) ..........................................26

*Leverso v. South Trust Bank of Ala., Nat'l. Ass'n.*,
  18 F.3d 1527, 1531 n.6 (11th Cir. 1994) ....................................................21

*Lunsford v. Woodforest Nat'l Bank*,
  No. 1:12-CV-103-CAP, 2014 WL 12740375 at *7) .................................23, 24

*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350, 1353 (11th Cir. 1982) ..............................2, 11, 16, 20, 21

*Macklin v. Biscayne Holding Corp et al*,
  1:19-cv-00561-WES-PAS (D.R.I. 2019) ......................................................29

*Ortega v. The Spearmint Rhino Cos. Worldwide Inc., et al.*,
  5:17-cv-00206-JGB-KK (C.D. Cal. July 5, 2021) .........................................13

*Otey v. CrowdFlower,  Inc.*,
  No. 12-cv-05524, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015) ..............16

*Perez v. Asurion Corp.*,
  501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) ...............................................21

*See Lockwood v. CIS Servs., LLC*,
  No. 3:16-CV-965-J-39PDB, 2019 WL 2226126, at *9 (M.D. Fla. May 3, 2019),
  *report and recommendation adopted*, No. 3:16-CV-965-J-39PDB, 2019 WL 3383628
  (M.D. Fla. June 13, 2019) ........................................................................23

*Smith v. WBY, Inc.*,
  No. 1:16-CV-4017-MLB, 2021 WL 4224012, at *5 (N.D. Ga. Sept. 16, 2021) ..........28

*Soler v. G & U, Inc.*,
  658 F.Supp. 1093, 1097 (S.D.N.Y. 1987) ....................................................20

*Souto v. Sandler,*
  No. 17-80957-CIV, 2018 WL 8579819, at *2 (S.D. Fla. Feb. 16, 2018)............. 25

*Tony & Susan Alamo Found. v. Sec. of Labor,*
  471 U.S. 290, 302 (1985) ................................................................................ 20

*Trinidad v. Pret a Manger (USA) Ltd.,*
  No. 12-cv-6094 (PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014) ........... 20

*Tyler v. Westway Auto. Serv. Ctr., Inc.,*
  No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) ................. 22

*Warren v. City of Tampa,*
  693 F. Supp. 1051, 1055 (M.D. Fla. 1988), *aff'd*, 893 F.2d 347 (11th Cir. 1989) ........ 26

**Statutes**
29 U.S.C. § 203 ..................................................................................................... 8
29 U.S.C. § 206 ..................................................................................................... 8

<u>**MEMORANDUM OF LAW**</u>

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Taylor Smith ("T. Smith"), Ashley Kavanagh ("Kavanagh"), Angel Cardona ("Cardona"),  Brittney Smith ("B. Smith"), Brooke Martin ("Martin"), Kaylen Moyers ("Moyers"), Elizabeth Lee ("Lee"), Alexandra Johnson ("Johnson"), Jessica Tomlinson ("Tomlinson"), Emily Artrip ("Artrip"), Kathryn Bigbee ("Bigbee"), Alexandria Heath ("Heath"), Emily Weaver ("Weaver"), Jordan Rutledge ("Rutledge"), Sarah Dykes ("Dykes"), April Robinson ("Robinson"),  and Tiffani Ramos ("Ramos") (collectively, "Plaintiffs") worked as exotic dancers at "Sammy's" in Birmingham, Alabama between 2016 and 2024. "Sammy's" is an exotic dance club that is owned and operated by S.J.B. Corporation dba Sammy's, Patricia Cantavespre, and Sammy Russo ("Defendants").

Plaintiffs brought this action seeking to recover wages owed to them after being misclassified as independent contractors at Sammy's under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. *See* Dkt. 1.

Plaintiffs' causes of action were based on Defendants' not classifying Plaintiffs as employees and not providing minimum wage payments; Defendants' classification of Plaintiffs and other dancers/entertainers as "independent contractors"; and further alleged that Defendants violated the FLSA's provisions concerning kickbacks and tipped employees. The Complaint for damages includes the following causes of action: (1) Failure to Pay Minimum Wage, 29 U.S.C. § 206; (2) Illegal Kickbacks/ Unlawful Taking of Tips, 29 U.S.C. § 203. *See* Dkt. 1; Kristensen Decl. ¶ 25.

During the course of the litigation, 26 plaintiffs resolved their claims. 24 plaintiffs opted into the case with the two original Plaintiffs: T. Smith and Kelley McDonald. The Parties first mediated the case on July 2, 2024. Afterwards, a total of nine (9) plaintiffs accepted Rule 68 offers of judgment. At the same time, twelve (12) new plaintiffs subsequently opted into the case. More plaintiffs opted into the case after July 2, 2024 than accepted the Rule 68 offers.

The offers of judgment were exclusive of the claims for reasonable attorneys' fees and costs. The plaintiffs who accepted offers of judgment are: Stephanie Jeronymo ("Jeronymo"); Kelley McDonald ("McDonald"); Jacquese Evans ("Evans"); Destiny Avent ("Avent"); Kayle Gooden ("Gooden"); Destiny Gordon ("Gordon"); Peyton Mastropolo ("Mastropolo"); Jillian Manning ("Manning"); and Brittany Tyler ("Tyler").

On August 7, 2024, Plaintiffs filed a motion for collective certification and notice pursuant to the FLSA. *See* Dkt. 48. This Motion was pending at the time of the settlement.

On September 6, 2024, Plaintiff's counsel filed a Motion for Fees related to Jeronymo's accepted Rule 68 Offer of Judgment. *See* Dkt. 69. This Motion was also pending at the time of the settlement.

On October 29, 2024, the parties conducted a second mediation with Hon. John Ott. A global settlement was reached. Plaintiffs' Motion for Certification and Plaintiff's Motion for Attorneys Fees were taken off-calendar. *See* Dkt. 79. Those Motions were pending at the time of the global settlement.

Of the 26 plaintiffs, nine (9) accepted offers of judgment. Seventeen plaintiffs were still pursuing their claims at the time of the second mediation on October 29, 2024. The chart below identifies the status of the Plaintiffs.

| Last Name | First Name | Dkt. | Date of Opt In. | Months/Years at Sammy's | Status |
|---|---|---|---|---|---|
| McDonald | Kelley | Dkt. 1 | 4/8/24 | 2016 to Dec. 28, 2023 | Judgment |
| Smith | Taylor | Dkt. 1 | 4/8/24 | Mar. 2023 to Jan. 2024 | Settlement |
| Kavanagh | Ashley | Dkt. 6 | 4/10/24 | Aug. 2021 to Aug. 2022 | Settlement |
| Cardona | Angel | Dkt. 7 | 4/10/24 | July 2021 to Jan. 2023 | Settlement |
| Evans | Jacquese | Dkt. 8 | 4/10/24 | Sept. 2023 to 2024 | Judgment |
| Gordon | Destiny | Dkt. 9 | 4/11/24 | Feb. to Nov. 2023 | Judgment |
| Smith | Brittney | Dkt. 10 | 4/11/24 | 2018 to Dec. 2022 | Settlement |
| Avent | Destiny | Dkt. 12 | 4/16/24 | June 2023 to Feb. 2024 | Judgment |
| Mastropolo | Peyton | Dkt. 13 | 4/16/24 | 2021; 2023-2024 | Judgment |
| Jeronymo | Stephanie | Dkt. 14 | 4/18/24 | Sept. to Dec. 2023 | Judgment |
| Martin | Brooke | Dkt. 22 | 6/18/24 | Dec. 2020 to Mar. 2023 | Settlement |
| Gooden | Kaylie | Dkt. 26 | 6/29/24 | July 2023 to July 2024 | Judgment |
| Moyers | Kaylen | Dkt. 29 | 7/5/24 | Sept. 2021 to July 2023 | Settlement |
| Lee | Elizabeth | Dkt. 30 | 7/24/24 | Apr. 2021 to May 2023 | Settlement |
| Tyler | Brittany | Dkt. 31 | 7/24/24 | June 2022 to Dec. 2022 | Judgment |
| Johnson | Alexandra | Dkt. 32 | 7/25/24 | Nov. 2023 to 2024 | Settlement |
| Artrip | Emily | Dkt. 33 | 7/25/24 | Nov. 2021 to Nov. 2023 | Settlement |
| Tomlinson | Jessica | Dkt. 34 | 7/26/24 | Apr. 2021 to Mar. 2023 | Settlement |
| Bigbee | Kathryn | Dkt. 35 | 8/4/24 | May 2022 to Apr. 2023 | Settlement |
| Heath | Alexandria | Dkt. 44 | 8/6/24 | July 2023 to June 2024 | Settlement |

| Last Name | First Name | Dkt. | Date of Opt In. | Months/Years at Sammy's | Status |
|---|---|---|---|---|---|
| Weaver | Emily | Dkt. 47 | 8/7/24 | Jan. 2022 to June 2024 | Settlement |
| Rutledge | Jordan | Dkt. 57 | 8/12/24 | Ap. 2021 to Aug. 2023 | Settlement |
| Manning | Jillian | Dkt. 70 | 9/19/24 | Oct. 2021 to Feb. 2023 | Judgment |
| Dykes | Sarah | Dkt. 73 | 9/23/24 | 2016 to July 2022 | Settlement |
| Robinson | April | Dkt. 76 | 10/20/24 | 2021 to June 2023 | Settlement |
| Ramos | Tiffani | Dkt. 77 | 10/22/24 | Sept. and Oct. 2024 | Settlement |

The Parties hereby submit the instant motion for FLSA Settlement Approval pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II.    THE SETTLEMENT AGREEMENTS

Under the Agreements, Defendants have agreed to pay Plaintiffs a gross settlement in the amount of $595,000 for the disputes that were outstanding at the time of the October 29, 2024 mediation. The settlement includes: the complete claims for the 17 plaintiffs who refused the offers of judgment; the attorneys' fees and costs for the plaintiffs who accepted the Rule 68 offers of judgment; and lastly, the entire claims for Tyler and Manning (plaintiffs' recovery as well as attorneys' costs and fees) were included the global $595,000. Tyler and Manning accepted their offers of judgment recently. *See* Dkts. 67 and 72. As part of the settlement, they are resolving their claims, <u>inclusive</u> with attorneys' fees and costs. The amount of the judgments, which were previously paid, are outside the global $595,000. *See* Kristensen Decl. ¶ 30.

Payment is due within seven (7) days after Court approval. *Id*. The allocations are as follows:

| PLAINTIFF | NET TO PLAINTIFF | COSTS | FEES | GROSS SETTLEMENT AMOUNT |
|---|---|---|---|---|
| McDonald | $10,200.00 | $225.44 | $7,773.74 | $18,199.17 |
| T. Smith | $11,000.00 | $243.12 | $8,383.44 | $19,626.56 |
| Kavanagh | $12,000.00 | $265.22 | $9,145.57 | $21,410.79 |
| Cardona | $10,000.00 | $221.02 | $7,621.31 | $17,842.32 |
| Evans | $5,200.00 | $114.93 | $3,963.09 | $9,278.01 |
| Gordon | $2,850.00 | $62.99 | $2,172.07 | $5,085.06 |
| B. Smith | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Avent | $8,000.00 | $176.81 | $6,097.05 | $14,273.86 |
| Mastropolo | $5,000.00 | $110.51 | $3,810.66 | $8,921.16 |
| Jeronymo | $2,000.00 | $44.20 | $1,524.27 | $3,568.46 |
| Martin | $35,000.00 | $773.56 | $26,674.57 | $62,448.13 |
| Gooden | $3,850.00 | $85.09 | $2,934.20 | $6,869.29 |
| Moyers | $30,000.00 | $663.05 | $22,863.92 | $53,526.97 |
| Lee | $40,000.00 | $884.07 | $30,485.22 | $71,369.29 |
| Tyler | $3,370.00 | $74.48 | $2,568.32 | $6,012.86 |
| Johnson | $10,000.00 | $221.01 | $7,621.31 | $17,842.32 |
| Artrip | $40,000.00 | $884.07 | $30,485.22 | $71,369.29 |
| Tomlinson | $17,000.00 | $375.73 | $12,956.22 | $30,331.95 |
| Bigbee | $14,000.00 | $309.43 | $10,669.83 | $24,979.25 |
| Heath | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Weaver | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Rutledge | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Manning | $3,800.00 | $83.99 | $2,896.10 | $6,780.09 |
| Dykes | $11,000.00 | $243.12 | $8,383.44 | $19,626.56 |
| Robinson | $16,000.00 | $353.63 | $12,194.09 | $28,547.72 |
| Ramos | $4,000.00 | $88.41 | $3,048.52 | $7,136.93 |
| | $354,270.00 | $7,830.00 | $270,000.00 | $632,100.00 |

The Plaintiffs will receive $317,170 in settlement payments from the $595,000. Additionally, the seven Plaintiffs who received payments for their offers of judgment were paid $37,100.00.  Counsel are seeking $7,830 in costs, and $270,000 in attorneys fees.

The average net settlement to Plaintiffs who did not accept the Rule 68 Offers is $18,235.29. That is nearly 3.7 times, or 370% higher per settlement for the Plaintiffs, who did not accept a Rule 68 offer. That average was $4,918.89. Including both the global settlement Plaintiffs, and those who accepted the offers of judgment still amounts to $13,625.77 per Plaintiff. *See* Kristensen Decl. ¶ 32.

The FLSA settlements in this case represent a far more favorable outcome for the individual Plaintiffs than if they pursued their claims through a Rule 23 class action. By virtue of their sheer size, class actions often lead to a smaller award for each individual plaintiff. In *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 CIV. 3043 PAE, 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015), a similar exotic-dancer wage-and-hour class case settled for roughly $15 million. *See Hart*, 2015 WL 5577713 at *5. However, the Rule 23 class comprised of 2,208 members and each only received on average $4,254.98. *See id.* That is not even a third of what the Plaintiffs in this case are receiving. Similarly, in *Ortega v. The Spearmint Rhino Companies Worldwide Inc., et al.,* 5:17-cv-00206-JGB-KK (C.D. Cal. July 5, 2021), the district court awarded a net settlement amount of $2,600,000 to an exotic dancer class action. *See* Kristensen Decl. at ¶ 55, Ex. 35. However, the class consisted of 650 individuals and the awards averaged out to only $4,000 per class member. *See id; see also Roe v. Jose Torres L.D. Latin Club Bar, Inc.*, 2020 WL 2494569, at *3 (N.D. Cal. May 14, 2020) (granting preliminary approval of Rule 23 settlement on behalf of exotic dancers that would pay "$836 per class member"); *Doe 1-2 v. Deja Vu Servs., Inc.*, 2017 WL 2629101, at *5 (E.D. Mich. June 19, 2017), *aff'd sub nom. Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886 (6th Cir. 2019) (approving Rule 23 settlement on behalf of exotic

dancers, many of whom worked in California, where "the average payment from the cash pool will be around $200"); Kristensen Decl. at ¶ 56, Ex. 36, *Byrne v. Santa Barbara Hospitality Services, Inc.*, C.A. No. 17-00527, Dkt. 178 (C.D. Cal. Dec. 14, 2018) (approving settlement proposing to pay 566 claiming class members between $350,884 to $598,453, or average shares of between $620 and $1057 per participating class member). Here, by contrast, the average settlement for the twenty-three collective members is $13,625.77 per Plaintiff.

## III.    PLAINTIFFS' DAMAGES ANALYSIS

After conducting discovery, including seeking documentation regarding the dates and times when Plaintiffs performed at Sammy's, a more thorough damages analysis was conducted to attempt to discover corroborating evidence of the dates and hours when Plaintiffs claimed to have performed at Sammy's. While the Plaintiffs contended that they worked significant hours at Sammy's, Defendants' records mostly corroborate the hours that Plaintiffs described; however, Plaintiffs were contesting that about 10-20% of the shifts were not being counted by the Defendants' methods.

In advance of the October 29, 2024 mediation before Judge Ott, Plaintiffs' counsel prepared a through breakdown of each individual Plaintiff's claim. Attached hereto as **Exhibit 1** is a true and correct copy of counsels' damages estimate for the Plaintiffs in this action; Kristensen Decl. ¶ 23(a).

The net recovery each Plaintiff receives pursuant to the Settlement Agreement correlates with Plaintiffs' counsel's evaluation in Exhibit 1. When evaluating the value of each Plaintiff's claim, Plaintiffs' counsel credited each Plaintiff with working per Sammy's

documents. Moreover, when calculating the amount of house fees owed to each Plaintiff, Plaintiffs' counsel used the Plaintiffs' estimates each shift for house fee, which ranged from $12.50 to $100.00 a shift. The price charged by the Defendants to work at the club increased as the evening went on. Defendants contended the house fees were only in place for part of the collective period.

Furthermore, Plaintiffs paid other non-dancer Sammy's employees "tips" each shift. Defendants contended they were voluntary, Plaintiffs contended they were coerced tips. The damages model estimated the tips ranged between $15.00 a shift to $100.00 a shift. The force tips averaged approximately $47.00 a shift.

Plaintiffs' counsel also used an average length of seven (7) hours per shift for each Plaintiff. While some Plaintiffs worked shifts longer than seven (7) hours and some worked shifts that were shorter, this was the average.

Plaintiffs' counsel has significant experience in litigating employment cases. Here, like in Plaintiffs' counsel's prior FLSA cases, the settlement amounts and terms resulted in significant resolutions for the Plaintiffs. *See* Kristensen Decl. ¶¶ 41-63; Exs. 25-43.

Plaintiffs' counsel has incurred at least $7,830 in costs that are being allocated depending on the costs incurred in litigating this matter. Plaintiffs' counsel has a lodestar of $333,777.50. The total settlement is $632,100. Plaintiff's counsels are seeking a reduced multiplier of 80.8% for a total of $270,000, which is 42.7% of the gross amount. The lodestar amount, and the fees pursuant to the retainer agreements are greater than the amount of fees Plaintiffs' counsel is seeking in attorneys' fees. *See* Kristensen Decl. ¶ 34.

Plaintiffs' counsel litigated these cases feverishly. The settlement amounts are significant and take into account multiple factors, including: (1) the amount of time litigated; (2) having to litigate a number of claims; and (3) the ability to reach a favorable resolution and collect, which is relevant when evaluating the risks of a jury trial, post-trial motions, and the delay while appeals are pending. *See* Kristensen Decl. ¶ 35.

In exchange for the consideration described above, Plaintiffs have agreed to dismiss their causes of action for alleged violations of the FLSA and any state claims stemming from Plaintiffs' employment with the Defendants at issue in the Complaint, and any related claims for Retaliation. *See* Kristensen Decl. ¶¶ 23 and 35; Exs. 2-19.

## IV.   LEGAL STANDARD

"When employees bring a private action for back wages under the [FLSA], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Under *Lynn's Food Stores*, a district court may approve an FLSA settlement only if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015) (quoting *Lynn's Food Stores*, 679 F.2d at 1355). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. "Any

amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputable owed under the FLSA. *Hogan v. Allstate Bev. Co.,* 821 F.Supp. 1274, 1282 (M.D. Ala. 2011). The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F.Supp. 714, 719 (E.D. La. 2008). Here the parties understand and agree that there were bona fide disputes, reflected in the parties' competing filings in this matter, regarding the applicability of the FLSA to Plaintiffs and the amounts that were actually in dispute.

The FLSA also requires that a settlement agreement include an award of reasonable fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action").

## V.    THE PARTIES' SETTLEMENT IS A REASONABLE COMPROMISE OF A BONA FIDE DISPUTE

The Court should approve the settlements because it reflects a reasonable compromise of *bone fide* disputes regarding Defendants' alleged FLSA liability. There was also no collusion in reaching the settlements. The Parties were adequately represented by competent counsel experienced in litigating cases under the FLSA, and the settlements were reached as a result of good-faith, arms' length negotiations between the Parties. *See* Kristensen Decl. ¶ 37.

John P. Kristensen of Kristensen Law Group has tried multiple employment cases and obtained substantial settlements against employers, including against exotic dance clubs in excess of eight (8) million dollars since 2020 alone. John P. Kristensen has been appointed class and collective counsel many times during his years of practice. He also has tried dancers cases and arbitration, including recently in the United States District Court for the Western District of Texas with his co-counsel in this matter, Jarrett Ellzey.

The Parties have vastly different opinions about the classification of the Plaintiffs as employees or independent contractors under the FLSA. Plaintiffs' were prepared to file a motion for partial summary judgment on this issue. A recent case, also litigated by the same Plaintiff's counsel in this same district, found via summary judgment that dancers were employees, not independent contractors. *See Manasco v. Best in Town, et al.*, 2023 WL 596434, case no. 2:21-cv-00381-JHE (N.D. Ala. Sept. 13, 2023). *See* Kristensen Decl. ¶ 38.

The Parties also engaged in extensive written discovery. Defendants took depositions of two Plaintiffs. And Plaintiffs' counsel took the depositions of Defendant's, managerial staff at Sammy's, and exchanged relevant documents, including all evidence that Plaintiffs' possessed documenting their employment at Sammy's and the amount of time that Plaintiffs' worked at Sammy's. *See* Kristensen Decl. ¶ 39.

The Settlement allocations with costs, fees, and amounts to the individual Plaintiffs is below:

| PLAINTIFF | NET TO PLAINTIFF | COSTS | FEES | GROSS SETTLEMENT AMOUNT |
|---|---|---|---|---|
| McDonald | $10,200.00 | $225.44 | $7,773.74 | $18,199.17 |

| PLAINTIFF | NET TO PLAINTIFF | COSTS | FEES | GROSS SETTLEMENT AMOUNT |
|---|---|---|---|---|
| T. Smith | $11,000.00 | $243.12 | $8,383.44 | $19,626.56 |
| Kavanagh | $12,000.00 | $265.22 | $9,145.57 | $21,410.79 |
| Cardona | $10,000.00 | $221.02 | $7,621.31 | $17,842.32 |
| Evans | $5,200.00 | $114.93 | $3,963.09 | $9,278.01 |
| Gordon | $2,850.00 | $62.99 | $2,172.07 | $5,085.06 |
| B. Smith | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Avent | $8,000.00 | $176.81 | $6,097.05 | $14,273.86 |
| Mastropolo | $5,000.00 | $110.51 | $3,810.66 | $8,921.16 |
| Jeronymo | $2,000.00 | $44.20 | $1,524.27 | $3,568.46 |
| Martin | $35,000.00 | $773.56 | $26,674.57 | $62,448.13 |
| Gooden | $3,850.00 | $85.09 | $2,934.20 | $6,869.29 |
| Moyers | $30,000.00 | $663.05 | $22,863.92 | $53,526.97 |
| Lee | $40,000.00 | $884.07 | $30,485.22 | $71,369.29 |
| Tyler | $3,370.00 | $74.48 | $2,568.32 | $6,012.86 |
| Johnson | $10,000.00 | $221.01 | $7,621.31 | $17,842.32 |
| Artrip | $40,000.00 | $884.07 | $30,485.22 | $71,369.29 |
| Tomlinson | $17,000.00 | $375.73 | $12,956.22 | $30,331.95 |
| Bigbee | $14,000.00 | $309.43 | $10,669.83 | $24,979.25 |
| Heath | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Weaver | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Rutledge | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Manning | $3,800.00 | $83.99 | $2,896.10 | $6,780.09 |
| Dykes | $11,000.00 | $243.12 | $8,383.44 | $19,626.56 |
| Robinson | $16,000.00 | $353.63 | $12,194.09 | $28,547.72 |
| Ramos | $4,000.00 | $88.41 | $3,048.52 | $7,136.93 |
|  | $354,270.00 | $7,830.00 | $270,000.00 | $632,100.00 |

The settlement allocations to Plaintiffs reflect the potential recovery and strength of Plaintiffs' cases given the uncertainty of any recovery at trial on the merits and due to the financial condition of Defendants. Had Plaintiffs continued and sought a greater recovery, there was a strong likelihood that any greater recovery, which could not be guaranteed, would have been  pyrrhic as greater time and expense would have been incurred in Plaintiffs' counsel lodestar, which is $333,777.50, and spent significantly more money in

costs. After full preparation for trial, the lodestar would have been far greater than what Plaintiffs' counsels are receiving under these settlements. *See* Kristensen Decl. ¶ 40.

The FLSA structure was intentionally designed by Congress as a remedial measure to incentivize and encourage private attorneys to pursue lower damage wage and hour claims with clear liability. "[T]he FLSA is a uniquely protective statute," *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016), and its purposes "require that it be applied even to those who would decline its protections," *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985). By awarding reasonable fees and costs to prevailing FLSA litigants, "Congress intended to encourage private citizen enforcement of the [FLSA]." *Soler v. G & U, Inc.*, 658 F.Supp. 1093, 1097 (S.D.N.Y. 1987). Indeed, "Plaintiffs' counsel's role as private attorneys is key to the effective enforcement of these statutes." *Trinidad v. Pret a Manger (USA) Ltd*., No. 12-cv-6094 (PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014).

The settlement compensates Plaintiffs for their estimated damages. It is greater than Defendants wished to pay and represents a compromise given the circumstances surrounding these matters.

This settlement is favorable to Plaintiffs and, in light of the work performed in the lawsuit and the juncture of the settlement in the litigation, the fees and costs incurred are reasonable.

## VI.    THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION

In *Lynn's Food Stores*, in determining whether a settlement is fair and reasonable, the Eleventh Circuit identified the factors such as: (1) the existence of fraud or collusion

behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, No. 6:06-cv-435-ORL-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat'l. Ass'n.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

When considering these factors, the Court should keep in mind the "'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, at *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Id.* (quoting *In re Gen. Mtrs. Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3rd Cir. 1995) (other internal citations omitted)). As discussed below, these factors strongly weigh in favor of approving this settlement.

1. The Risk of Fraud or Collusion

When considering this factor, Courts in this Circuit have found no existence of fraud or collusion behind a settlement when "the Parties engaged in arms' length negotiations to arrive at the Settlement…" *Duren v. Int'l Follies, Inc.*, No. 1:19-CV-01512- ELR, 2022 WL 3337249, at *2 (N.D. Ga. June 6, 2022); s*ee also Lynn's Food Stores*, 679 F.2d at 1354 (noting a settlement reached in the "adversarial context" where the plaintiff is represented by counsel is more likely to be fair and reasonable); *see also Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) (settlement outside FLSA context showed no signs

of fraud or collusion where the settlement was reached before an "experienced and well-respected mediator" following arm's-length negotiations and substantial litigation); *see George v. Acad. Mortg. Corp. (UT)*, 369 F. Supp. 3d, 1356, 1369-70 (N.D. Ga. 2019) (holding in FLSA hybrid/collective action, settlement of action by mediation with an experienced mediator confirms that the process was procedurally sound and not collusive).

Here, the Agreements, and each and every one of their provisions, came about as the result of formal and informal discovery, zealous advocacy on both sides, and substantial arm's-length negotiations between counsel. While Counsels for Plaintiffs are receiving payment of reimbursable costs and attorneys' fees from the settlements, there is nothing out of the ordinary in this arrangement. Counsels are not receiving a disproportionate distribution of the settlement, nor are Counsels being amply rewarded while Plaintiffs forgo distribution. On the contrary, each settlement amount is reasonable for each and every Plaintiff, and Plaintiffs' Counsels are requesting to receive less than their lodestar. *See James v. Wash Depot Holds., Inc.*, 489 F. Supp. 2d at 1347 (S.D. Fla. 2007) ("fee awards…should not simply be proportionate to the results obtained by the Plaintiff."); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) (noting that it is not uncommon for fee requests to exceed the judgment in FLSA cases). The Parties' settlements are not a "clear sailing" arrangement and Counsels for Plaintiffs do not seek a separate payment for their fees apart from those delineated, and further approved by this Court, as a part of the gross settlement amount. This factor, therefore, weighs in favor of approval.

2.  <u>The Complexity, Expenses, and Likely Duration of Litigation</u>

Courts will approve an FLSA settlement wherein there is a significant risk that litigation could result in a lower recovery for the class or no recovery at all. *See Lockwood v. CIS Servs., LLC,* No. 3:16-CV-965-J-39-PDB, 2019 WL 2226126, at *9 (M.D. Fla. May 3, 2019), *report and recommendation adopted*, No. 3:16-CV-965-J-39PDB, 2019 WL 3383628 (M.D. Fla. June 13, 2019). Courts in this Circuit have often found FLSA claims involve complex mixed questions of fact and law, which can often be both difficult and time-consuming. *See George*, 369 F. Supp. 3d at 1370 (referencing *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981)). In fact, recovery by any means other than settlements would require additional years in litigation in FLSA hybrid/collective matters. *See George*, 369 F. Supp. 3d at 1370 (referencing *Lunsford v. Woodforest Nat'l Bank*, No. 1:12-CV-103-CAP, 2014 WL 12740375 at *7)).

Several facts in this case point towards the complexity, expenses, and likely duration of these matters. Plaintiffs' claims involved federal wage and hour claims, which can be both difficult and time-consuming. While significant discovery had been completed, pursuing these matters to the full extent of trial, including argument of the parties' pre-trial motions and/or potential appeals by either party given the complexities of the federal and legal issues therein would mean that recovery, by any means other than settlements, would require additional years of litigation. In contrast, these settlements provide immediate and substantial benefits to Plaintiffs and Defendants alike. As such, this factor, therefore, weighs in favor of approval.

3. <u>Stage of the Proceedings and Amount of Discovery Completed</u>

Courts in this Circuit also consider the "degree of case development" that counsels have accomplished prior to settlement to ensure that "counsel had an adequate appreciation of the merits of the case before negotiating." *See George*, 369 F. Supp. 3d at 1371 (*citing Lunsford*, 2014 WL 12740375, at *8)).

Here, Plaintiffs were two months away from filing for summary judgment ruling regarding: (1) Plaintiff's misclassification at Sammy's as independent contractors rather than employees; (2) that Sammy Russo and Patty Cantavespre were Plaintiff's employers under the FLSA; (3) Defendant cannot rely on good faith as an affirmative defense; and (4) Defendants may not offset Plaintiffs' damages.

Moreover, the Parties engaged in written discovery, took the depositions of some plaintiffs, had a declaration from one former manager and deposed another, and exchanged relevant documents. The risk for Defendants was that in a fee-bearing case, the attorneys' fees would dwarf the damages. This risk is underscored in light of this *Manasco* Court's order on Plaintiffs' motion for partial summary judgment.

While Plaintiffs took issue with the scarcity of Defendants' records, few had many records of their own, and thus would have had to rely on their own testimony to rebut Defendants' documents. *Id*. Given the discovery stage of the proceedings, this factor weighs in favor of approval.

4. <u>Likelihood of Plaintiffs' Success on the Merits/Possible Range of Recovery</u>

The FLSA structure was intentionally designed by Congress as a remedial measure to incentivize and encourage private attorneys to pursue lower-damage wage and hour

claims with clear liability. The FLSA's primary remedial purpose is "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Souto v. Sandler*, No. 17-80957-CIV, 2018 WL 8579819, at *2 (S.D. Fla. Feb. 16, 2018) (quoting *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 207 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016)).

Importantly, in determining whether a settlement is fair given the potential range of recovery, courts in this circuit are guided by the principle that "the fact a proposed settlement amounts to only a fraction of the potential recovery does not mean that the settlement is unfair or inadequate. *See Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990)).

Plaintiffs obtained an adequate compromise in recovery of near-maximum value of their claims. Furthermore, this settlement is undoubtedly favorable for each Plaintiff in light of the work performed in the lawsuit and the juncture of the litigation at the time the settlement was reached, making the settlement amounts abundantly reasonable. Counsel spent considerable time pursuing negotiations and preparing a settlement of the matter which is evidenced in their lodestar of $333,777.50. Despite Counsel for Plaintiffs' skill, tenacity, and  the potential of a large attorneys' fees award contributed to the overall settlement, Counsel for Plaintiffs are only asking for compensation in an amount less than their lodestar. As such, these settlements are unequivocally favorable to Plaintiffs and considering the work performed in the lawsuit  and  the  juncture  of  the  settlement  in this  litigation,  the  settlement  amounts  are reasonable. *See* Kristensen Decl. ¶ 40; Exs. 1-20. This factor, therefore, weighs in favor of approval.

5.  <u>Opinions and Experience of Counsel</u>

Courts in this Circuit give great weight to the recommendations of counsel given their considerable experience in these matters. *See Warren v. City of Tampa*, 693 F. Supp. 1051, 1055 (M.D. Fla. 1988), *aff'd*, 893 F.2d 347 (11th Cir. 1989) (In determining whether to approve a proposed settlement, the Court is entitled to rely upon the judgment of the parties' experienced counsel) (citations omitted).

Counsel for Plaintiffs and Defendants have substantial experience litigating wage and hour cases and handling complex and class actions. John P. Kristensen and Jarrett Ellzey has tried multiple employment cases and obtained substantial settlements against employers, including against exotic dance clubs in excess of eight million dollars since 2020 alone. John P. Kristensen has been appointed class and collective counsel many times during their decades of practice.

John P. Kristensen and Jarrett Ellzey tried a FLSA dancer case in July 2022 in the Western District of Texas and obtained a verdict on behalf of two dancers. (*See Langley v. RPM Dining, LLC*, Case no. 1:20-cv-890-RP (W.D. Tex., Dkt. 139). In addition, Jason Tortorici served as local counsel and helped Kristensen Law Group given his decades of experience in handling employment matters in Alabama. *See* Kristensen Decl. This factor, therefore, weighs in favor of approval.

### VII.   THE REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE

1. <u>FLSA Collective Action Settlement Allow for a Greater Recovery For Plaintiffs than Rule 23 Class Action Settlement</u>

Counsel for Plaintiffs are seeking less than their incurred fees. Taking this into consideration, Counsels for Plaintiffs request less than their lodestar amount of $333,777.50, and rather request $270,000 in attorneys' fees. This is a modest amount compared to many FLSA settlements and is consistent with Congress's intent to incentivize counsels to accept minimum wage cases that would be otherwise uneconomical.

Plaintiffs' request for attorneys' fees is reasonable and in line with many other district court orders granting similar fees in FLSA settlements. FLSA settlements are distinct from Rule 23 class action settlements and, as such, allow for a greater recovery of settlement awards for the plaintiffs involved. Several district judges around the country have granted similar requests for attorneys' fees for Plaintiffs' counsel within the last three years. *See* Kristensen Decl. ¶¶ 41-63; Exs. 25-43.

In Rule 23 class actions, attorneys often seek fees more than their lodestar by requesting that the court apply a positive modifier. *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 271 (D.N.H. 2007) (approving Rule 23 class action settlement with lodestar multiplied of 2.697); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305-06 (3d Cir. 2005), *as amended* (Feb. 25, 2005) (approving a lodestar cross-check multiplier of 4.07). By contrast, here, Plaintiffs' counsels are requesting less than their lodestar amount.

By allowing the recovery of attorneys' fees, the FLSA furthers the statute's goal of protecting employees' rights to fair pay by encouraging lawyers to accept FLSA clients without consideration of their clients' immediate ability to pay. *See Dominguez v. Fiore*, No. 21-24055-CIV, 2022 WL 16961299, at *13 (S.D. Fla. Nov. 16, 2022) (citing *Smith v. WBY, Inc.*, No. 1:16-CV-4017-MLB, 2021 WL 4224012, at *5 (N.D. Ga. Sept. 16, 2021)). Indeed, public policy encouraging attorneys to take on FLSA cases often results in situations where the attorney's fees surpass, the Plaintiffs' award. *See id.*

2. <u>Plaintiffs' Attorney Fees Totaling Less Than 45% of the Settlement is a Reduction of the Lodestar and Is a Reasonable Award</u>

It is well settled that a reasonable amount of fees is determined pursuant to the "lodestar approach," which involves calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 485 (D. Ariz. 2019) ("[t]o determine a reasonable attorneys' fee under FLSA, the Court uses the lodestar method.").

In this case, Plaintiffs' counsel has a lodestar of over $333,777.50. *See* Kristensen Decl.¶¶ 42-44; Exs. 21-23. However, Plaintiffs' counsel is merely seeking $270,000 in fees, which is less than their lodestar and consists of less than 45% of the total settlement. *See id.* In other words, Plaintiffs' counsel is seeking less than what they would otherwise be entitled to based on the time they have spent litigating this matter and their retainer agreements. *See Id.*

The fees sought in this matter are commensurate with the time and effort exerted to achieve a favorable settlement and the overall skill of Plaintiffs' attorneys. *See* Kristensen Decl. ¶¶ 41-44. Plaintiffs' counsel is well versed in both FLSA collective actions and Rule 23 class actions and have achieved numerous successful outcomes. Exs. 21-43. Furthermore, Plaintiffs' attorneys' hourly rates are reasonable and are similar to those approved by other district courts throughout the country. *Id.*

In *Macklin v. Biscayne Holding Corp et al*, 1:19-cv-00561-WES-PAS (D.R.I. 2019), Plaintiffs' counsel sought approval of a similar FLSA settlement involving the wage and hour claims of exotic dancers. *Id*. In the *Macklin* case, Plaintiffs' counsel sought a reduction of their lodestar and a fee award consisting of 45% of the settlement. *See id.* There, Judge Smith found both the settlement and the attorney's fees and costs to be reasonable. *See id.*

Also, while the lodestar amount is presumed to be a reasonable calculation of attorneys' fees, it is within the Court's discretion to adjust the lodestar figure. *See Marrotta*, 726 F.Supp.2d at 25. Within the past three years alone, three separate judges in California have granted Plaintiffs' counsel's request to apply a negative modifier to the lodestar in order to achieve a fee award comprising of 45% of the total FLSA settlement.

The Supreme Court has plainly rejected "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon," reasoning that "[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." *Hensley v. Eckerhart*, 461 U.S. 424, 435 n.11 (1983). This reasoning is particularly germane to the FLSA cases. "In FLSA cases, like other discrimination or civil

rights cases, the attorneys fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identifies policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511-12 (S.D.N.Y. 2011). The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorneys fees for prevailing plaintiffs with wage and hour grievances." Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorneys' fees … 'encourage[s] the vindication of congressionally identified policies and right.'" *Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 WL 465272, at *2 (S.D.N.Y. Mar. 27, 2002).

As the Eleventh Circuit opined in an analogous setting, "Because damages awards do not reflect fully the public benefit advanced by civil litigation Congress did not intend for fees in civil right cases … to depend on substantial monetary relief …. A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1493 (11th Cir. 1994). "[F]ee awards should not simply be proportionate to the results of obtained, especially in FLSA cases, as fee awards in FLSA cases are often greater than the amount recovered by the plaintiff …. This is to ensure that individuals with small claims can obtain representation necessary to enforce their right." *Rodriguez v. Super Shine and Detailing, Inc.*, 2012 WL 2119865, *7 (S.D. Fla. June 11, 2012).  "[I]n an FLSA case, undue emphasis should not be

placed on the amount of the plaintiff's recovery." *Alford v. Martin & Gass, Inc.*, 2009 WL 2447936, *5 (E.D.Va. Aug. 3, 2009).

Indeed, courts in FLSA cases routinely award attorneys' fees that exceed the plaintiffs' recovery by large multiples. An Eleventh Circuit Court awarded $114,021 in attorneys fees after a plaintiff was awarded plaintiff $3,493.62 in unpaid wages and liquidated damages. *James v. Wash. Depot Holdings. Inc.*, 489 F. Supp.2d 1341, 1353 (S.D.Fl. 2007). The District Court did not abuse its discretion in awarding $51,750 in attorneys' fees under the FLSA when the plaintiffs recovered $3,349, $52, and $1,296, respectively. *Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007); *Cain v. Almecco USA Inc.*, 2014 WL 2158413 (N.D. Ga)(approving $173,300 in attorneys' fees, which amounted to fees 10 times higher than the award to the claim).

Here, Plaintiffs' attorneys seek an amount ($270,000) totaling less than their lodestar amount of $333,777.50. *See* Kristensen Decl. ¶ 23 and 40-44; Exs. 2-23. Moreover, Plaintiffs' counsels experience litigating FLSA actions yielded positive fruits to Plaintiffs, that they otherwise would not have had they not pursuit this matter with them. This is also a modest amount compared to many FLSA settlements and consistent with Congress's intent to incentivize counsels to take minimum wage cases where it would be otherwise uneconomical.

## VIII.  CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant this Motion in its entirety and approve the settlements between Plaintiffs and Defendants.

Dated: November 25, 2024

*/s/ Devon M. Lyon*
Devon M. Lyon
**LYON LEGAL, P.C.**
1154 E. Wardlaw Road
Long Beach, California 90807
Telephone: (562) 216-7390
*dlyon@lyon-legal.com*

Mark E. Hoffman
**MARK E. HOFFMAN, P.C.**
229 E. 1st Ave. North
Birmingham, AL 35203
Telephone: (205) 835-1119
*mhoffmanatty@yahoo.com*

***Attorney for Defendants***

*/s/ John P. Kristensen*
Jason P. Tortorici
**SCHILLECI & TORTORICI, P.C.**
100 Centerview Drive, Suite 205
Birmingham, Alabama 35233
Telephone: (205) 978-4211
*jpt@schillecitortoricilaw.com*

Jason P. Tortorici
**SCHILLECI & TORTORICI, P.C.**
100 Centerview Drive, Suite 205
Birmingham, Alabama 35233
Telephone: (205) 978-4211
*jpt@schillecitortoricilaw.com*

Jarrett L. Ellzey
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas 77066
Telephone: (713) 554-2377
*jarrett@ellzeylaw.com*
(*Pro Hac Vice* forthcoming)
***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on Monday, November 25, 2024, a true and correct copy of the attached **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** was served via CM/ECF pursuant to Fed. R. Civ. P. 5:


<u>**/s/ John P. Kristensen**</u>
John P. Kristensen