# EXHIBIT
# -2-

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release is entered into by and between S.J.B. Corporation dba Sammy's, Patricia Cantavespre and Sammy Russo (collectively "COMPANY") and Taylor Smith ("Plaintiff") as an individual (jointly the "Parties").

## RECITALS

A. WHEREAS, Plaintiff provided entertainment services for COMPANY from approximately March 2023 to January 2024; and

B. WHEREAS, certain disputes, claims and alleged causes of action have existed by and between the Parties arising out of and relating to Plaintiff's services for and/or relationship to COMPANY; and

C. WHEREAS, Plaintiff is an original named Plaintiff in the matter of *Taylor Smith, et al. v. S.J.B. Corporation dba Sammy's, et al.,* 2:24-cv-00436-MHH pending in the United States District Court for the Northern District of Alabama (the "FLSA Case");

D. WHEREAS, the Parties entered into a "Memorandum of Understanding" relating to claims by Taylor Smith, Ashley Kavanagh, Angel Cardona, Britney Smith, Brooke Martin, Kaylen Moyers, Elizabeth Lee, Alexandra Johnson, Jessica Tomlinson, Emily Artrip, Kathryn Bigbee, Alexandria Heath, Emily Weaver, Jordan Rutledge, Sarah Dykes, April Robinson, and Tiffani Ramos and the other Plaintiffs and opt-in Plaintiffs who accepted Rule 68 Offers in the litigation entitled *Taylor Smith, et al. v. S.J.B. Corporation dba Sammy's* (2:24-cv-00436-MHH);

E. WHEREAS, the Parties agreed to enter into separate agreements related to each Plaintiff, and wish to set forth their agreement below (Counsel and COMPANY are entering into a separate agreement for fees and costs related to accepted offers of judgment of other Plaintiffs; and

F. WHEREAS, the enforceability of this Agreement is contingent upon the Court's approval of this settlement. Should this settlement not be approved by the Court, this Agreement shall be considered void.

<u>SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>

<u>AGREEMENT</u>

1. In exchange for Plaintiff's promises described below, COMPANY agrees to pay Plaintiff the sum of **Eleven Thousand Dollars ($11,000)** "Settlement Payment").

2. The Settlement Payment will be made within 7 days of approval by the Court and receipt of at W-9 from counsel for Plaintiffs.

3. The payments will be made payable to the Kristensen Law Group Client Trust Account via either wire, check, or Money Order. The funds shall be reported to Kristensen Law Group via a 1099.

4. As part of this agreement, COMPANY and Plaintiff will enter into a Stipulated Judgment that may be executed and submitted to the District Court for entry for failure to make payments consistent with this agreement. The Court will maintain jurisdiction of this matter to effectuate entry and execution of the Stipulated Judgment. In the event of a breach, Plaintiff will be entitled to unilaterally and without notice apply for reinstatement of the FLSA Case to the Court's active calendar for entry of judgment against COMPANY. Plaintiff shall submit the following to the Court: (1) declaration(s) attesting to the breach; (2) the interest accrued; (3) attorneys' fees incurred and payments made, if any; and (4) the resulting amount to the Stipulated Judgment. A copy of the Stipulated Judgment is attached hereto as Exhibit "1".

5. This is a good faith settlement of disputed claims. This Agreement does not constitute an admission by COMPANY of any wrongdoing.

6. Plaintiff hereby releases and forever discharges COMPANY, its past or present parents, subsidiaries, spouses, heirs, assigns, agents, representatives, attorney(s), consultants, partners, successors, landlords, whether named in the FLSA Case, or not, including each entities' officers, directors, shareholders, agents, employees, managers partners, attorney(s), successors, consultants, representatives, landlords, and assigns, whether named in the FLSA Case, or not, (all of the above collectively the "Released Parties") from any and all claims under the Fair Labor Standards Act and the Alabama Law, that Plaintiff has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or otherwise.

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

      7.    Plaintiff releases all claims under the Fair Labor Standards Act and Alabama Law, arising from or relating to her relationship with and any services she may have provided to or for the benefit of COMPANY or any of the Released Parties, that she may have as of the date hereof. This release includes, but is not limited to, all such claims that were or could have been asserted in a Complaint or demand for arbitration. To the full extent permitted by law, Plaintiff, for herself, and her marital community, if any, partners, heirs, executors, administrators, successors, trustees and assigns, waives, releases and forever discharges, and agrees that she will not in any manner institute, prosecute or pursue, any complaint, claim, lawsuit, clam for relief, demand, suit, action or cause of action, whether at in law or in equity, which she could assert at common law or under any statute, rule, regulation, order or law, whether federal, state, or local, or on any grounds whatsoever, including without limitation, any claim under the Fair Labor Standards Act; Alabama Law; any claims for unpaid wages, and any statute or wage order (federal or state) relating to her employment, and claims against COMPANY and/or the Released Parties with respect to any event, matter, claim, under the Fair Labor Standards Act and the Alabama Law arising out of Plaintiff's relationship with COMPANY and/or the Released Parties and/or the termination of that relationship.

      8.    Plaintiff individually agrees and warrants that COMPANY'S promises made under this Agreement and performance thereof constitute full satisfaction of any and all of Plaintiff's claims under the Fair Labor Standards Act and/or Alabama Law, that Plaintiff has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or otherwise, against COMPANY and/or the Released Parties. Should Plaintiff be identified as a potential class member in any Class Action against COMPANY or any of the Released Parties for claims under the Fair Labor Standards Act and/or the California Labor Code, that Plaintiff has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or otherwise, Plaintiff agrees that any and all claims by her are specifically settled in this Agreement and that she will opt-out of any such Class Action.

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

      9.    COMPANY'S Settlement Payment shall be reported to the Internal Revenue Service ("IRS") on Tax Form 1099. COMPANY makes no representations as to the tax treatment of the payment called for in this Agreement and Plaintiff is not relying upon any statement or representation by COMPANY. Plaintiff's recovery is considered liquidated damages. The amount allocated to costs is $243.12 and the attorneys' fees are $8,383.44. $11,000.00 is allocated to Plaintiff. The costs, fees and amount to client are allocated as follows:

|  | Gross Amount | Costs | Fees | To Plaintiff |
|---|---|---|---|---|
| Payment | $19,626.56 | $243.12 | $8,383.44 | $11,000.00 |

      This Agreement is entered into in connection with related settlement agreements arising from the mediation conducted by the Parties with Magistrate Judge John Ott and reached in principle on October 29, 2024 and memorialized in the Parties' executed Memorandum of Understanding. In connection with the overall settlement reached at the mediation, eighteen (18) separate settlement agreements ("Related Agreements"), will be presented to the District Court for approval. These settlements are interrelated.

      10.    Time is the essence of this Agreement.

      11.    This Agreement is an integrated agreement and contains the entire understanding and agreement of the parties and shall not be changed modified amended, extended, terminated, waived or discharged, except by an instrument in writing, signed by the Parties hereto. This Agreement supersedes all prior agreements and understanding except as herein expressly stated.

      12.    The rights and duties of the parties under this Agreement shall be governed by the laws of the State of Alabama and the United States of America pursuant to the FLSA. Any action to enforce any right under this Agreement shall be brought in the United States District Court for the Central District of California Los Angeles County, State of California. Should it become necessary to initiate any action to enforce this Agreement then the prevailing party in any such action shall recover, in addition to other relief granted by the court, costs and reasonable attorney fees. This includes, but is not limited to, seeking entry and enforcement of the Stipulated Judgment.

      13.    The waiver by either party of any term, covenant or condition herein contained shall not be deemed a continuing waiver of that term, covenant or

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

condition, or any subsequent breach of the same or any other term, covenant or condition of this Agreement.

14. This Agreement may be executed in any number of counterparts each of which when taken together shall constitute but one original. Faxed, PDF (scanned) signatures, and/or electronic signatures (such as DocuSign) shall be deemed valid as if they were inked originals.

15. The Parties hereby represent and warrant that they are entering into this Agreement knowingly and voluntarily; that they are each represented by counsel and that they have received advice of counsel regarding the subject matter hereof in order to consider the decision of whether or not to execute this Agreement; that they understand the terms and effects of the Agreement; that they are executing this Agreement free from any duress, and undue influence, mistakes of fact or law, fraud, undue influence, and that they are executing this Agreement in a non-coercive atmosphere.

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

      16.    The portions of this agreement, not involving settlement payments, are severable.

    In witness whereof, the Parties knowingly and voluntarily executed this Agreement on the date set forth below.

COMPANY:

Dated 11/20/2024 _____

                                                *Patricia Cantavespre*
                                                S.J.B. Corporation

PATRICIA CANTAVESPRE:

Dated 11/20/2024 _____

                                                *Patricia Cantavespre*
                                                Patricia Cantavespre

SAMMY RUSSO:

Dated 11/20/2024 _____

                                                *Sammy Russo*
                                                Sammy Russo

PLAINTIFF:

Dated _____

                                                _____
                                                Taylor Smith

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

16. The portions of this agreement, not involving settlement payments, are severable.

In witness whereof, the Parties knowingly and voluntarily executed this Agreement on the date set forth below.

COMPANY:

Dated _____          _____
                                 S.J.B. Corporation

PATRICIA CANTAVESPRE:

Dated _____          _____
                                 Patricia Cantavespre

SAMMY RUSSO:

Dated _____          _____
                                 Sammy Russo

PLAINTIFF:

Dated 11/7/2024                  Signed by:
      _____          _____
                                 3DF4355ACE16486...
                                 Taylor Smith

-6-

# EXHIBIT -1-

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TAYLOR SMITH, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>S.J.B. CORPORATION dba SAMMY'S, an Alabama Corporation; PATRICIA CANTAVESPRE, an individual; SAMMY RUSSO, an individual; DOE MANAGERS 1 through 3; and DOES 4 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:24-cv-00436-MHH<br><br>**COLLECTIVE ACTION**<br><br>**[PROPOSED] JUDGMENT IN FAVOR OF PLAINTIFF TAYLOR SMITH PURSUANT TO STIPULATION** |

Based on the record before it, the Court finds that there is no just cause for delay in the entry of a final judgment in favor of plaintiff Taylor Smith and against defendants S.J.B. Corporation dba Sammy's, Patricia Cantavespre, and Sammy Russo ("Defendants"). Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiff Taylor Smith and against defendants S.J.B. Corporation dba Sammy's, Patricia Cantavespre, and Sammy Russo jointly and severally in the **AMOUNT OF NINETEEN THOUSAND SIX HUNDRED TWENTY SIX DOLLARS AND FIFTY SIX CENTS ($19,626.56)**, as well as $\_\_\_\_\_ in interest; and $\_\_\_\_\_ in attorneys' fees and costs incurred, in connection with the entry and enforcement of this Judgment, minus $_____ for the amounts paid for a **TOTAL AMOUNT OF $_____**.

As stipulated by and between plaintiff Taylor Smith and against defendants S.J.B. Corporation dba Sammy's, Patricia Cantavespre, and Sammy Russo, this judgment shall not, and does not, have limitation, or operate as a bar, to collect any additional amounts due or to take further legal action to enforce the agreement and this judgment.

       **IT IS SO ORDERED.**

Dated: _____

                                                    THE HONORABLE MADELINE H. HAIKALA
                                                        UNITED STATES DISTRICT JUDGE